The opinion of the Court was delivered by
Johnston, Ch.
The Attachment Act of 1744 (a) provides for *290 the issuing of a writ, commanding the proper officer “to attach the monies, goods, chattels, debts and books of account belonging to the absent debtor, in the hands of any person or persons whatsoever;” and declares “that the attaching of any part thereof, in the name of the whole that is in such person’s hands, power or possession, shall secure and make the whole liable in law, to answer any judgment that shall thereafter be recovered and awarded upon that process.”
The officer shall, when he executes the writ of attachment, “summon the person in whose hands the said monies, goods, chattels or books of account shall be, * * * * requiring him, &c., to appear, &c., to show cause why the said monies, &c., should not be adjudged to belong to such absent debtor;” but if no person is present “ at the time of attaching any the things aforesaid” * * the officer “ shall fix up at the prison door a copy of the said writ, with an account of the things attached, and give notice thereof in the gazette, &c., for any person or persons, claiming the same, to appear as aforesaid and show cause as aforesaid. And the person or persons, so summoned, as aforesaid, shall be obliged to appear at the return of said writ, and to discover upon oath what'sum or sums of money, &c., &c., he or she have, in his, her or their hands, possession or power, to which the said absent debtor hath any right, claim or property whatsoever.” “And if any goods or chattels shall be actually seized and taken into the custody” of the officer “by virtue of said writ of attachment, and the person summoned shall not appear at the return of said writ, then upon his, her or their default, and no person appearing and laying claim to the goods and chattels so attached, the same shall be adjudged and taken to be the property of the absent debtor,” &c.
The subjects of attachment are extended by various attributes not necessary to be noticed here.
By statute of 1844, (b) it is provided, that persons “ in whose *291 hands, possession, custody, power or control” property of an absent debtor shall be attached by service of a writ of foreign attachment, and who shall not, on oath, claim the same as creditor in possession, shall surrender it to the Sheriff or enter into bond with good surety, for the use of the suing creditor, not to waste or eloign the property so attached, and render a schedule of it, on oath, to the Sheriff, and to make due return to said writ, and surrender the property attached when duly required by law, &c.
In the present case, it has been adjudged by the Chancellor that, unless the subjects of attachment be actually taken into custody by the attaching officer, no lien arises in favor of the attaching creditor; and that in the distribution in this Court of the debtor’s assets, such creditor can come in only pari passu with other creditors.
Our opinion is that an actual seizure is not essential to create the attachment lien, but that the service of the writ on one in whose custody or control the assets of the absent debtor may be, is sufficient, to make the whole assets in his hands “secure and liable in law, to answer any judgment that shall thereafter be secured and awarded upon that process ”
It is familiar law that no action of debt can be grounded on such part of the debt sued for in attachment, as the attached property may fail to satisfy; (c) but the creditor when he proceeds to sue by attachment must rest contented with such remedy as the property, or choses, attached may furnish him.
When this is considered, it is but fair to give him as ample a remedy as this by fair construction can afford, and thus make compensation to him, by way of lien, for the disadvantages under which he labors as general creditor.
It is true, the precise point involved in the appeal does not appear to have been specifically decided in the cases quoted by the appellants solicitor; but the general practice in attach *292 ment cases has been as he contends, and the cases show what that practice has been without exception.
In Callahan vs. Hallowell & Lenox vs. Hallowell, (d) Callahan’s attachment was first lodged, but Lenox’s was first served. The service was by serving a copy on the person in whose hands the goods of the absent debtor were. The Court, without the least hesitation as to the mode of attaching, awarded the priority of lien to the writ first lodged.
In McBride vs. Floyd, (e) it was held, that the writ of attachment creates a lien on all choses in action of the absent debtor, in the hands, power or possession of the garnishee, (the debtor’s attorney, who retained possession of his client’s note, and recovered judgment on it,) which lien is not discharged by any intervening incumbrance or alienation, (such as a judgment recovered by another creditor, &c.)
In Day vs. Buchen, (f) although the Court held, that merely lodging a writ of attachment in the office of a Sheriff, who had goods of the absent debtor in hands, by levy, was insufficient service, yet it permitted him to accept service as garnishee, nunc pro tunc, the Court observing that by this proceeding “ the prior lien of the attaching creditor is preserved.’’
In Moore vs. Byne (g) the Court in discussing the question whether a third person in possession of goods alleged to belong to the absent debtor, but which he in possession lays claim to, observes: “ The plain words of the Act of 1744, show that there is a material difference in the mode of executing the writ, when there is a possession in a third person, and when no one is in possession. What is meant by the terms“attach” “in the hands of?” Do they mean to seize and take into possession, or do they mean to seize so as to make liable in law for the plaintiff’s debt ? The latter, I have no doubt, is the true meaning. The Act sufficiently indicates this. It declares that the attaching of a part in the name of *293 the whole, shall make the whole liable, in law, for the debt of the plaintiff. This is' a constructive seizure, and shows that the service of the attachment was the creation of a lien merely.”
In the case from which I have extracted these passages, there is a review of cases and authorities not only upon our Acts of attachment, but under the custom of London, for which I refer to that case.
And see Sargeant on Attachments, 14, 15, et passim.
It seems to follow from these cases, that the service on the garnishee has always been regarded, in practice, under our Attachment Acts, as creating a lien on the assets in his hands to be ascertained by the subsequent developments in the case.
If so, the decree should be modified so far as it denies the benefits of a lien to the attaching creditors of the partnership; -but it should also be modified so as to take from them all claim to be satisfied out of unattached assets, if any. These are open to other creditors, but not to them; their right being limited to what remedies they may have under their attachment.
It is ordered that the decree be modified, according to the foregoing opinion; in all other respects it is affirmed.
Dunkin and Ward law, CC., concurred.

 3 Stat. 617, § 1.

 11 Stat. 290.

 Floyd vs. White, Sp. Eq. 351.

 2 Bay, 8.

 2 Bay, 209.

 1 McM.92.

 1 Rich. 72, 96.